**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MAURO TROETTI & JANET TROETTI**<br>**Plaintiffs**<br><br>**v.**<br><br>**MERCANTILE ADJUSTMENT BUREAU, LLC**<br>**Defendant** | ) | **CIVIL ACTION**<br><br>**JURY TRIAL CLAIMED**<br><br>**MAY 4, 2011** |

## COMPLAINT

1. This is a suit brought by a consumer who has been harassed by the by the defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and includes pendent claims brought under State law for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.* and for intentional infliction of emotional distress.

2. Plaintiff Mauro Troetti is a natural person residing in Bethel, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(3).

3. Plaintiff Janet Troetti is the wife of Plaintiff Mauro Troetti and is a natural person residing in Bethel, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(3).

4. Defendant, Mercantile Adjustment Bureau, LLC ("MAB"), is a New York Limited Liability Company and is licensed by the Connecticut Department of Banking as

a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

6. This Court has jurisdiction over MAB because it engages in debt collection within Connecticut.

7. Venue in this Court is proper, because the Plaintiffs are residents and the acts complained of occurred in this state.

8. American General alleged Plaintiff Mauro Troetti owed a debt on a consumer account (the "Account"), and American General assigned the Account to MAB for collection purposes.

9. In or around October 2010, MAB began contacting Plaintiffs in an attempt to collect on the Account.

10. Plaintiffs received some of the collection calls MAB had made to their home in or around October 2010, and they spoke with MAB representatives regarding the Account, during which conversations Plaintiffs informed MAB that they had retained an attorney for purposes of filing for bankruptcy and that the Account was to be included in their bankruptcy filing, and they provided MAB with the name, address and phone number of their bankruptcy attorney and requested that all future communications be directed not to them but to their attorney.

11. Up through January 2011, MAB continued to call Plaintiffs home and speak with Plaintiffs in an attempt to collect on the Account notwithstanding MAB already had contact information for Plaintiffs' attorney; in the course of those collection attempts,

MAB threatened to garnish Plaintiffs' wages and pension and attach their bank account, told Plaintiffs that it was illegal for them to discharge through bankruptcy the debt associated with the Account, yelled at Plaintiffs and called them "arrogant" and "nasty," and told Plaintiffs that it did not matter that they had hired an attorney or were filing for bankruptcy.

12. Sometime after Plaintiffs had provided MAB with their attorney contact information, in or around January 2011, MAB called Plaintiffs' son's home and left a message which stated that it was MAB calling regarding a very important business matter; Plaintiffs' daughter-in-law relayed that message to Plaintiff Janet Troetti, and Plaintiffs suffered extreme embarrassment and shame as a result.

13. As a result of MAB's illegal and unfair collection activities, as described above, Plaintiffs suffered emotional distress in the form of embarrassment, shame, anxiety, stress, and worry.

14. MAB violated the FDCPA, CUTPA, and committed intentional infliction of emotional distress by its collection activities described above.


WHEREFORE, the Plaintiffs seek from MAB recovery of actual damages (including emotional distress related damages) pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFFS, MAURO TROETTI & JANET TROETTI**

By: /s/ ______________________________

Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber, Fed Bar No. ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408; Fax (860) 571-7457